Citation Nr: 1513890 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-11 180 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Ashley Martin, Associate Counsel




INTRODUCTION

The Veteran served on active duty from September 1956 to April 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO) that denied a TDIU.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran is in receipt of service connection for coronary artery disease, at 60 percent disabling, diabetes mellitus, at 20 percent disabling, and hypertension, at 10 percent disabling, with a combined rating of 70 percent. 

2. He has a college degree and occupational experience as a teacher. 

3. The evidence indicates that the Veteran's service-connected disabilities are not so severe as to prevent him from engaging in substantially gainful employment.


CONCLUSION OF LAW

The criteria for a TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.18, 4.19 (2014).




REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). The Veteran was provided notice in a February 2010 letter. Accordingly, the duty to notify has been fulfilled. 

The duty to assist has also been satisfied in this case. The Veteran's service treatment records, VA medical records, and private treatment records have been obtained. The Veteran is in recepit of disability benefits from the Social Security Administration (SSA). However, his SSA records have been determined to be unavailable. Specifically, a July 2011 response from SSA noted that the Veteran's medical records had been destroyed. The RO sent the Veteran a letter informing him that it was unable to obtain his SSA records, and asking him to provide a copy of any SSA records in his possession. No SSA records were received from the Veteran. 

The Veteran was also afforded various VA examinations throughout the course of this appeal. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 300 -01 (2008). Taken together, the Board finds that the VA examinations are adequate to make a determination on the issue of TDIU, as they commented on the Veteran's service connected disabilities and their impact on his ability to function in an occupational environment. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). 

The Veteran has not identified any other relevant evidence that has not been requested or obtained. The Board finds that VA has substantially complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on his claim at this time.

II. TDIU 

The Veteran asserts that he is unemployable due to his service-connected heart disability, high blood pressure, and diabetes. 

VA will grant a total rating for compensation purposes based on unemployability (TDIU) when the evidence shows that the Veteran is precluded from obtaining or maintaining any gainful employment consistent with his education and occupational experience, by reason of his service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16. 

A total rating for compensation purposes may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

For a Veteran to prevail on a claim for a TDIU, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. Van Hoose v. Brown, 4 Vet. App. 361(1993).

In determining whether an appellant is entitled to a TDIU, neither the veteran's nonservice-connected disabilities, nor advancing age may be considered. 38 C.F.R. § 4.19.

After reviewing the pertinent evidence of record, the Board concludes that an award of a TDIU is not warranted. Currently, the Veteran is in receipt of service connection for coronary artery disease, at 60 percent disabling, diabetes mellitus, at 20 percent disabling, and hypertension, at 10 percent disabling, with a combined rating of 70 percent. As the Veteran's combined evaluation is 70 percent, he meets the preliminary schedular criteria for a TDIU. 38 C.F.R. § 4.16(a).

On a claim form dated in February 2010, he reported that he has a college degree and occupational experience as a teacher. 

However, the medical evidence of record does not indicate that the Veteran's disabilities preclude substantially gainful employment. The Veteran was afforded VA examinations for his diabetes, heart condition and hypertension in June 2010. The Veteran reported being unemployed due to a work-related back injury that occurred in 1986. After performing a physical examination, the examiner determined that these conditions did not provide severe enough functional limitations to prevent the Veteran from obtaining employment. The examiner noted that other factors like age, availability of work, and nonservice-connected disabilities, including severe lumbar degenerative disc disease and degenerative joint disease, would impede the Veteran's ability to engage in physical or sedentary work.

VA treatment records from February 2014 show that the Veteran was encouraged to become more active, as his current sedentary lifestyle had worsened his diabetes and his overall function. The provider stressed the importance of continued ambulation and physical activity.

The Veteran underwent another VA examination in March 2014, where the examiner found that the Veteran's diabetes mellitus did not result in functional limitation and would not cause the Veteran to be unemployable. The Veteran reported that he was unable to bathe or dress secondary to loss of balance and fall risk, which was determined to most likely be due to multifactorial risk factors including vertigo, a body mass index of over 45 with deconditioning, a severe low back disability, and polyneuropathy. 

The Veteran was afforded another VA examination in December 2014. After performing physical examinations, the VA examiner concluded that the Veteran's diabetes, coronary artery disease, and hypertension did not impact his ability to work. The VA examiner found that the Veteran is capable of sedentary physical activity, based on his service-connected conditions alone. He noted that the majority of the Veteran's physical impairments are directly related to his elevated BMI, extreme deconditioning, and non-service connected conditions, including his B-12 deficiency, hypothyroidism, and chronic venous stasis. The VA examiner opined that the Veteran's service-connected disabilities provide "very little in the way of direct or indirect physical impairment." 

The Board acknowledges that there is medical evidence supporting the Veteran's contentions of unemployability. In a June 2011 letter, the Veteran's private provider Dr. M.F. stated that the Veteran has multiple medical problems, including diabetes mellitus 2, dyslipidemia, hypertension, morbid obesity, obstructive sleep apnea, BPH, and coronary artery disease. Based on these medical problems, she advised the Veteran not to work and stated that she does not foresee that he will be able to be employed in the future. 

Furthermore, in May 2013, a private physician completed a Disability Benefits Questionnaire (DBQ) indicating that the Veteran suffered from chronic congestive heart failure. After performing a physical examination, the provider concluded that the Veteran was unable to maintain gainful employment due to his coronary and hypertensive heart disease together with multiple other co-morbid conditions.

The Board finds that these opinions are inadequate. The private providers considered the Veteran's non-service connected disabilities, such as his morbid obesity, in determining whether he is employable. Moreover, the private physicians provided no rationale to support their opinions. In assessing medical opinions, the failure of the physician to provide a basis for his opinion goes to the weight or credibility of the evidence in the adjudication of the merits. Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Because the private physicians considered the Veteran's non-service connected disabilities and failed to provide a basis for their conclusions, the Board finds these opinion lack probative value, and therefore, give greater weight to the VA examiners' opinions. 

Based on the foregoing evidence, the Board finds that the Veteran's service-connected disabilities do not prevent him from obtaining and maintaining substantially gainful employment. While the Veteran asserts that he is unemployable, none of the numerous VA examination reports of record indicate that the Veteran is not capable of doing at least sedentary work. The Board places greater probative weight on the medical opinions concerning the Veteran's employment capability than the Veteran's contentions as to the limitations caused by his disabilities.

Accordingly, the Board finds, based on the preponderance of evidence, that the Veteran's service-connected disabilities does not preclude him from obtaining and maintaining substantially gainful employment. Therefore, the Veteran's claim for TDIU is denied. See 38 C.F.R. §§ 3.340, 3.341, 4.16 (2013).


ORDER

Entitlement to a total disability rating based upon individual unemployability is denied.



____________________________________________
MICHAEL MARTIN 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs